IN THE UNITED STATES DISTRICT
DISTRICT OF MARYLAND
Baltimore Division

**ARKANSAS NURSING HOME
ACQUISTION, LLC,**
4100 Monument Corner Drive, Suite 500
Fairfax, Virginia 22030

and

**AJZ CAPITAL, LLC**
4100 Monument Corner Drive, Suite 500
Fairfax, Virginia 22030

      Plaintiffs

  v.

**CFG COMMUNITY BANK**
1422 Clarkview Road
Baltimore, Maryland 21209
    **Serve:**
    HIQ Maryland Corporation
    HIQ Corporate Services, Inc.
    Resident Agent
    715 St. Paul Street
    Baltimore, Maryland 21202

**JOHN W. DWYER,** *Individually*
405 S. Atlantic Street
Melbourne, Florida 32951

**CAPITAL FUNDING GROUP, INC.**
1422 Clarkview Road
Baltimore, Maryland 21209
    **Serve:**
    HIQ Maryland Corporation
    HIQ Corporate Services, Inc.
    Resident Agent
    715 St. Paul Street
    Baltimore, Maryland 21202

**CSCV HOLDINGS, LLC**
1422 Clarkview Road
Baltimore, Maryland 21209

CIVIL ACTION NO. _____

**JURY TRIAL DEMANDED**

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898  FAX 703.273.8897

Cameron | McEvoy
PLLC

**Serve:**
HIQ Maryland Corporation
HIQ Corporate Services, Inc.
Resident Agent
715 St. Paul Street
Baltimore, Maryland 21202

**CSCV CONSULTING, LLC**
1422 Clarkview Road
Baltimore, Maryland 21209
    **Serve:**
    HIQ Maryland Corporation
    HIQ Corporate Services, Inc.
    Resident Agent
    715 St. Paul Street
    Baltimore, Maryland 21202

**MILESTONE RETIREMENT
COMPANIES, LLC**
201 N.E. Park Plaza Drive, Suite 105
Vancouver, Washington 98684
    **Serve:**
    National Registered Agents, Inc.
    Resident Agent
    2405 York Road, Suite 201
    Lutherville Timonium, MD 21093-2264

**CSCV REAL ESTATE HOLDINGS, LLC**
1422 Clarkview Road
Baltimore, Maryland 21209
    **Serve:**
    HIQ Maryland Corporation
    HIQ Corporate Services, Inc.
    Resident Agent
    715 St. Paul Street
    Baltimore, Maryland 21202

and

**BRIAN K. REYNOLDS,** *Individually*
1422 Clarkview Road
Baltimore, Maryland 21209

        Defendants.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL: 703.273.8898   FAX: 703.273.8897

Cameron | McEvoy
PLLC

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897

Cameron/McEvoy

## COMPLAINT

Plaintiffs, Arkansas Nursing Home Acquisition, LLC ("**ANHA**") and AJZ Capital, LLC ("**AJZ Capital**"), hereby sue Defendants CFG Community Bank ("**CFG Bank**"), John W. Dwyer ("**Dwyer**"), Capital Funding Group, Inc. ("**Capital Funding Group**"), CSCV Holdings, LLC ("**CSCV Holdings**"), CSCV Consulting, LLC ("**CSCV Consulting**"), Milestone Retirement Companies, LLC ("**Milestone**"), CSCV Real Estate Holdings, LLC ("**CSCV Real Estate**") and Brian K. Reynolds ("**Reynolds**")[1] for fraudulent conveyances, breaches of fiduciary duty, conversions of assets, civil conspiracy, aiding and abetting, unjust enrichment, and breach of contract, as set forth below.

### *NATURE OF THE ACTION*

Simply stated, this action concerns the gross abuse of corporate authority and the theft of valuable business interests. Years ago, John W. ("Jack") Dwyer duped Plaintiffs ANHA, AJZ Capital and another entity, Zuccari New Port Richey, LLC ("**Zuccari New Port Richey**"), into investing in businesses commonly known as "Compass Pointe", "New Port Richey" and "Vero." Plaintiffs ANHA and AJZ Capital invested millions of dollars in these businesses and received substantial ownership stakes in each. Although Dwyer attempted to cloak himself in a complicated web of corporate shields – shields which he routinely ignored when doing so inured to his personal benefit – his position of ultimate control over Compass Pointe, New Port Richey and Vero was unmistakable.

The businesses were not long-lived. In 2017, Dwyer effectively dissolved Compass Pointe and Vero, leaving them as empty shells without the means to satisfy their respective obligations,

---

[1] CSCV Holdings, CSCV Consulting, Milestone and CSCV Real Estate may be referred to collectively herein as "the Defendant LLCs."

and he is in the process of doing the same with New Port Richey.  Aided by his various corporate entities and senior level management, as well as a convenient suitor (Defendant Milestone) for Compass Pointe's assets, Dwyer transferred all of the assets of the business to Milestone and the only consideration received went to him personally – Dwyer himself received a preferred ownership stake in Milestone and became a controlling principal of the company.  Compass Pointe was left with nothing but liabilities and ANHA's ownership interest in the business was rendered worthless.  New Port Richey was, and continues to be, handled in the same self-dealing manner by Dwyer.  At his direction, ANHA has been assessed millions of dollars in management-level operating losses when a substantial portion of the losses relate to the management of businesses in which Zuccari New Port Richey has never had any interest at all.  Moreover, Dwyer is in the process of disposing of substantially all of the assets of New Port Richey, albeit without the requisite authority to do so.  Similarly, at Dwyer's direction (again with the assistance of his other companies and senior level management, as well as the other ultimate equity holder in the deal – BlueMountain Capital Management, LLC), Vero was dissolved and the cash that was supposed to be paid to AJZ Capital was diverted elsewhere and never accounted for.

ANHA and AJZ Capital seek compensatory and punitive damages (and other relief) as a result of the misconduct described more fully hereinbelow.

### THE PARTIES

1.     Plaintiff ANHA is a Virginia limited liability company.  ANHA owned a forty-nine percent (49%) membership interest in SLC Professionals Holdings LLC ("**SLC Professionals**") prior to SLC Professionals' dissolution at the direction of Dwyer.

2.     Zuccari New Port Richey is a Delaware limited liability company whose principal place of business is located in Fairfax County, Virginia.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030   TEL 703.273.8898   FAX 703.273.8897

Cameron McEvoy

3.      Plaintiff AJZ Capital is a Virginia limited liability company whose principal place of business is located in Fairfax County, Virginia.  It made a capital contribution in the amount of $111,595 to, and owned an interest in, CSV MA Real Co. Holdings, LLC ("**CSV MA LLC**").

4.      Alan Zuccari is a Virginia resident, and is the sole member of ANHA and a 99% owner and managing member of AJZ Capital.  At all relevant times, the remaining 1% membership interest in AJZ Capital has been owned by a person who is related to Alan Zuccari and who likewise is a Virginia resident.

5.      Defendant CFG Bank purports to be a Maryland corporation whose principal place of business is located at 1422 Clarkview Road, Baltimore, Maryland 21209.

6.      Upon information and belief, Defendant Dwyer has represented himself to be the "sole owner" of CFG Bank at all relevant times.  Dwyer has persistently used CFG Bank to facilitate the wrongful conduct which is the subject of this Complaint.  Among other things, all converted funds, as described more fully hereinbelow, have been funneled through and/or held in various accounts maintained at CFG Bank by entities owned and controlled by Dwyer in an effort to, *inter alia,* shield such funds from creditors.

7.      Defendant Dwyer is a resident of Florida, who regularly engages in business in Baltimore County, Maryland.  Upon information and belief, Dwyer is Chairman of the Board and a controlling principal of Defendant Capital Funding Group which is based in Baltimore County, Maryland.  Upon information and belief, certain operations of Defendant Milestone also are conducted within the same office location as Defendant Capital Funding Group.

8.      At all relevant times, Dwyer has operated Capital Funding Group as his alter ego, treating the assets and liabilities of Capital Funding Group as his own personal assets and liabilities, and vice versa.  In furtherance of this lack of any distinction between assets and

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030   TEL: 703.273.8898   FAX: 703.273.8897

Cameron McEvoy
PLLC

liabilities, funds are comingled between the two on a regular basis and Dwyer regularly uses the assets of Capital Funding Group to satisfy his personal liabilities.

9.      Defendant Capital Funding Group purports to be a Maryland corporation, with its principal place of business located at 1422 Clarkview Road, Baltimore, Maryland 21209.  Upon information and belief, Capital Funding Group owns 90% of Defendant CSCV Holdings and the remaining 10% membership interest in CSCV Holdings is owned by Defendant Reynolds.

10.     Defendant CSCV Holdings purports to be a Maryland limited liability company whose principal place of business is located at 1422 Clarkview Road, Baltimore, Maryland 21209 and owns 100% of Defendant CSCV Consulting.

11.     Defendant CSCV Consulting purports to be a Maryland limited liability company that owned 51% of SLC Professionals prior to SLC Professionals' dissolution at the direction of Dwyer and Reynolds.

12.     Defendant Milestone purports to be a Delaware limited liability company which is registered to do business in Maryland whose principal place of business (upon information and belief) is located in the state of North Carolina.  Milestone regularly engages in business in Baltimore County, Maryland, by, *inter alia*, operating assisted living facilities known as Symphony Manor, located at 4301 Rolling Avenue, Baltimore, Maryland 21210, and Woodholme Gardens, located at 1700 Woodholme Avenue, Pikesville, Maryland 21208.

13.     Defendant CSCV Real Estate purports to be a Maryland limited liability company, with its principal place of business located at 1422 Clarkview Road, Baltimore, Maryland 21202. CSCV Real Estate is the "Operating Member" of CSV MA LLC.  Upon information and belief, the members of CSCV Real Estate are Defendants Capital Funding Group and Reynolds.

14.     CSV MA LLC is a limited liability company and a private REIT, with its principal place of business located at 1422 Clarkview Road, Baltimore, Maryland 21202.  The members of CSV MA LLC are (i) three (3) entities that are owned, managed and controlled by BlueMountain Capital Management, LLC – SNF Holdings 1, LLC, SNF Holdings 2, Ltd. and SNF Funding, LLC (collectively, "SNF Entities") – (ii) CSCV Real Estate and (iii) AJZ Capital.

15.     New Port Richey Holdings, LLC ("**New Port Richey Holdings**") purports to be a Delaware limited liability company and, upon information and belief, has its principal place of business located at 1422 Clarkview Road, Baltimore, Maryland 21202.

16.     At the time of formation of New Port Richey Holdings, the members of the entity were CHG New Port Richey, LLC (45%) ("**CHG New Port Richey**"), Zuccari New Port Richey (45%) and Morningside New Port Richey, L.L.C. (10%) ("**Morningside New Port Richey**"). Morningside New Port Richey, however, is no longer a member of New Port Richey Holdings.

17.     CHG New Port Richey, which is controlled by Dwyer, is the manager of New Port Richey Holdings.

18.     Upon information and belief, the Defendant LLCs do not have their principal places of business located in, nor are they organized and existing under the laws of, the Commonwealth of Virginia, and the same is true with respect to their corporate members.  Moreover, to the extent that any member of the Defendant LLCs is a natural person, no such person is believed to be a citizen of the Commonwealth of Virginia.

### *JURISDICTION AND VENUE*

19.     The Court has subject matter jurisdiction over the claims asserted in this action by virtue of complete diversity of citizenship among the parties pursuant to 28 U.S.C. §1332 and the amount in controversy exceeds $75,000.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030

TEL: 703.273.8898   FAX: 703.273.8897

Cameron | McEvoy
PLLC

20.     The Court has personal jurisdiction over Defendants because they are each domiciled, conduct business in, and/or have committed the acts alleged in this Complaint within the State of Maryland and this judicial district.  Accordingly, this Court has personal jurisdiction over all of the Defendants, and venue is likewise proper here pursuant to 28 U.S.C. §1391(b) and (c).

### FACTS AS TO ALL COUNTS

#### Compass Pointe and Milestone

21.     SLC Professionals was formed as a Delaware limited liability company on or about January 21, 2009.

22.     Effective January 1, 2012, ANHA and CSCV Consulting became the members of SLC Professionals, with CSCV Holdings owning fifty-one percent (51%) and ANHA owning forty-nine percent (49%) of the company.

23.     Also, effective January 1, 2012, ANHA and CSCV Consulting agreed to operate SLC Professionals pursuant to the terms of an "Amended and Restated Limited Liability Company Operating Agreement of SLC Professionals Holdings, LLC, a Delaware Limited Liability Company" (the "**SLC Professionals' Operating Agreement**"), a true and accurate copy of which is attached hereto as **Exhibit 1** and incorporated herein by reference.

24.     The Managers of SLC Professionals were Daniel S. Baird ("**Baird**") and Brian K. Reynolds ("**Reynolds**").  Baird and Reynolds are employees of Dwyer and/or Capital Funding Group, who have acted at Dwyer's direction and under his control at all relevant times.

25.     In addition to having control over the Managers, the SLC Professionals' Operating Agreement provided for Dwyer to personally make all "Major Decisions."  *See* Ex. 1, at § 8.3.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030     TEL 703.273.8898   FAX 703.273.8897

26.     At all times relevant to this lawsuit, Dwyer personally exercised complete control over all actions taken by CSCV Holdings, CSCV Consulting and SLC Professionals.

27.     SLC Professionals owned numerous companies that managed assisted living facilities located predominately in Florida and Arkansas ("**the Facilities**").  The management companies included, but were not limited to, CHG Management Newport Richey, LLC, SLC Professionals, LLC (AR), SLC Professionals Monarch, LLC (DE), Addit, LLC (IN), Addit-Monarch, LLC (DE), SLC Professionals Chai, LLC (DE), SLC Professionals REO, LLC (DE), SLC Professionals AR7 (DE), Capital Health Group Management, LLC (DE) and CHG Management Woodbury, LLC (DE) (collectively, "**the Management Companies**").

28.     At all times relevant to this lawsuit, Dwyer exercised complete control over the actions of the Management Companies by virtue of his complete control over CSCV Holdings, CSCV Consulting and SLC Professionals.

29.     SLC Professionals and the Management Companies generally traded and operated under the name Compass Pointe Healthcare System ("**Compass Pointe**").

30.     At all times relevant to this lawsuit, Dwyer exercised complete control over the actions taken by Compass Pointe.

31.     The corporate structure for the ownership and operations of SLC Professionals and the Management Companies was a customary business arrangement, particularly for entities that provide services and/or goods to the public with a risk of claims being asserted by the clients and/or customers being served by those entities.  The use of a holding company such as SLC Professionals to own the operating entities that serve the public – such as the Management Companies – is an entirely appropriate and fully legal method for limiting liability from claims based on actions of the specific business entities that serve clients or customers, thereby protecting individual investors

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030   TEL 703.273.8898   FAX 703.273.8897

Cameron McEvoy
PLLC

from liability for such claims. This corporate structure protects the individual investors in the businesses from liability, particularly for investors who are not active in the management of the facilities serving the public, because the law has established very high barriers to "piercing the corporate veil" of a corporate entity in order to impose liability upon such investors. It also is typical for the corporate entity in the position of SLC Professionals to be owned by one or more limited liability companies or other corporate entities in order to create another level of protection from liability for individual investors, who may properly hold an interest in the holding company through ownership of such a limited liability company or similar entity.

32.     As of 2015, SLC Professionals and the Management Companies were facing numerous substantial claims by residents of the Facilities who claimed that they had suffered bodily injuries allegedly due to negligent care that they had received at the Facilities (the "**Claimants**"). It also was anticipated that additional claims might be forthcoming in the future (the "**Potential Claimants**").

33.     In an effort to protect the assets of SLC Professionals and the Management Companies from the Claimants and Potential Claimants, and to personally benefit Dwyer, Dwyer arranged a transaction with a Washington State entity known as Milestone Retirement Communities, LLC ("**Milestone WA**") to transfer the assets (but not the liabilities) of SLC Professionals and the Management Companies, to a new company to be formed by Dwyer and Milestone WA. Specifically, pursuant to a "Combination Agreement" dated as of September 7, 2016, SLC Professionals was to be dissolved, and the assets and operations of the Management Companies were to be combined (the "**Combination**") with those of Milestone WA to form Defendant Milestone.

10

34.     A true and accurate copy of the Combination Agreement is attached hereto and incorporated herein as **Exhibit 2**.

35.     The Combination of the Management Companies and Milestone became effective as of January 1, 2017.  Contemporaneously with the closing on the transaction contemplated by the Combination Agreement, all or substantially all of the operational assets, including the management contracts, together with the employees of the Management Companies, were transferred to Defendant Milestone, which was a newly-formed entity with the same name as Milestone WA – "Milestone Retirement Communities, LLC."

36.     SLC Professionals and the Management Companies did not receive any compensation or other legal consideration for combining their assets and operations with Milestone WA to form Milestone.

37.     As of both September 2016 and January 1, 2017, SLC Professionals and the Management Companies had  substantial liabilities and potential liabilities as a result of personal injury claims being asserted by Claimants and Potential Claimants, yet Dwyer engineered the transfer of the assets and operations of the Management Companies owned by SLC Professionals without having Milestone expressly assume their liabilities and without otherwise providing any means for SLC Professionals or the Management Companies to satisfy their liabilities to the Claimants and/or Potential Claimants.

38.     Claimants and Potential Claimants have been unable to collect judgments obtained against SLC Professionals and/or the Management Companies due to Dwyer's improper transfer of their assets to Milestone.

39.     Milestone is the successor-in-interest to SLC Professionals and the Management Companies with respect to the obligation to satisfy the liabilities of SLC Professionals and the

Management Companies because Milestone is a continuation of SLC Professionals and the Management Companies: it has performed identical management and operational tasks for the Facilities after acquiring the assets and employees of SLC Professionals and the Management Companies without the payment of any consideration to SLC Professionals and/or the Management Companies.

40.    Upon the closing on the transaction contemplated by the Combination Agreement, Dwyer received a substantial and preferred ownership interest in Milestone and became "Chairman of the Board" of Milestone.  Indeed, upon information and belief, Dwyer obtained a controlling interest in Milestone.

41.    Dwyer obtained his position and his ownership interest in Milestone in exchange for the assets of SLC Professionals, consisting of the Management Companies' assets and personnel, without requiring Milestone to assume any of the liabilities of SLC Professionals or the Management Companies.

42.    Dwyer caused the Combination to occur for his personal benefit and failed to compensate either SLC Professionals or ANHA for any of the assets, management contracts or personnel that were transferred from the Management Companies to Milestone.  Dwyer thereby abused his power and breached his duties as the person controlling SLC Professionals and the Management Companies.  Dwyer's actions also caused CSCV Consulting to breach its fiduciary duty as the majority owner of SLC Professionals and caused the conversion of its assets and those of the Management Companies by Dwyer, Capital Funding Group, CSCV Holdings, CSCV Consulting and Milestone.

43.    The Operating Agreement for SLC Professionals LLC provided for it to indemnify ANHA, as a Member of SLC Professionals, and Alan Zuccari, as an Affiliate of ANHA, as follows:

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

Cameron McEvoy

8.9. <u>Indemnification.</u>  The Company shall indemnify, protect, defend and hold harmless the Members and the Managers, and all their respective Affiliates, from and against any loss, expense, damage or injury suffered or sustained by them by reason of any acts, omissions or alleged acts or omissions arising out of their activities on behalf of the Company or related to, or in furtherance of the interest of, the Company, including but not limited to any judgment, award, settlement, attorneys' fees and other costs or expenses incurred in connection with the defense of any actual or threatened action, proceeding or claim if the act, omission or alleged acts or omissions upon which such actual or threatened action, proceeding or claim is based were for the Company in furtherance of its business and were not performed or omitted fraudulently or in bad faith or as a result of gross negligence or willful malfeasance by such indemnified party.

*See* Ex. 1, at § 8.9; *see also Id.,* at § 3.1.

44.     The Combination rendered SLC Professionals and the Management Companies insolvent and unable to meet their liabilities, including their obligations to indemnify ANHA and Alan Zuccari.

45.     Because SLC Professionals and the Management Companies have been dissolved and/or stripped of their assets as a result of the Combination, Claimants and Potential Claimants have been unable to collect judgments obtained against SLC Professionals and/or the Management Companies, and have asserted claims and have sought to collect judgments against ANHA and/or Alan Zuccari.  ANHA and Alan Zuccari have incurred, and are continuing to incur legal fees and expenses defending the actions taken by Claimants and Potential Claimants.

**Vero Deal**

46.     CSV MA LLC was formed in 2014 as a private REIT to purchase an assisted living facility in Massachusetts, which was known to the investors as the "Vero Deal."

47.     AJZ Capital invested $111,595 in the Vero Deal.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030   TEL 703.273.8898   FAX 703.273.8897

Cameron McEvoy PLLC

48.     In or about January 2017, CSV MA LLC sold the real property and improvements housing the assisted living facility that had been purchased in the Vero Deal, thereby effectively dissolving CSV MA LLC.

49.     Indeed, in connection with the sale, the Board of Directors of CSV MA LLC, which included Dwyer and Reynolds, with the approval of BlueMountain Capital Management, LLC, resolved to dissolve and liquidate CSV MA LLC and distribute the assets in accordance with the relevant provisions of its Operating Agreement.

50.     Despite selling the real property assets of CSV MA LLC and resolving to distribute the assets in accordance with the Operating Agreement, for alleged tax reasons relating to the dissolution of a REIT, the proceeds were retained and not distributed for approximately six (6) months.

51.     In or about mid-2017, when CSV MA LLC was liquidated, the proceeds were distributed, but not in accordance with the Operating Agreement.  AJZ Capital was to receive a distribution of approximately One Hundred Eighty Thousand Dollars ($180,000), but, at Dwyer and Reynolds' direction, and with the cooperation and assistance of BlueMountain Capital Management, LLC, the distribution that was to be made to AJZ Capital, was converted and not paid to AJZ Capital.

52.     Dwyer and Reynolds, acting through Capital Funding Group, CSCV Real Estate and CSV MA LLC, with the cooperation of BlueMountain Capital Management, LLC, caused the distributions due to AJZ Capital from the sale of the assisted living facility in Massachusetts to be misappropriated, rather than delivered to AJZ Capital.  Dwyer and Reynolds thereby abused their power and breached their fiduciary duties given their control over CSV MA LLC, together with

BlueMountain Capital Management, LLC, to cause the conversion of the distributions due to AJZ Capital.

**New Port Richey**

53.     New Port Richey Holdings was formed in 2010 to serve as the holding company for two corporate subsidiaries – New Port Richey Real Estate, LLC and New Port Richey Operating, LLC – which were formed for the purpose of owning and operating, respectively, a single assisted living facility located in New Port Richey, Florida ("**New Port Richey Facility**").

54.     A true and accurate copy of the Operating Agreement of New Port Richey Holdings, LLC is attached hereto and incorporated herein as **Exhibit 3.**

55.     New Port Richey Holdings is the sole owner/member of both New Port Richey Real Estate and New Port Richey Operating.

56.     Zuccari New Port Richey initially invested $350,000 into New Port Richey Holdings.

57.     At all relevant times, the New Port Richey Facility has been managed under the Compass Pointe (later Milestone) umbrella at Dwyer's ultimate direction.

58.     During the time the New Port Richey Facility has been managed by Compass Pointe/Milestone, Compass Pointe/Milestone also has been responsible for managing many other facilities in which neither ANHA nor AJZ Capital (or, for that matter, Alan Zuccari or Zuccari New Port Richey) ever held any ownership interest (collectively, "**Other Facilities**").

59.     The New Port Richey Facility and the Other Facilities have sustained substantial operating losses over the years and, given the separate ownership of these facilities, all such operating losses should have been properly allocated to each facility.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030

TEL 703.273.8898    FAX 703.273.8897

Cameron / McEvoy
PLLC

60.     Upon information and belief, however, Compass Pointe/Milestone have not properly allocated the operating losses among the New Port Richey Facility and the Other Facilities.  Instead, all of these operating losses have been effectively bundled at the management company level and allocated to ANHA on a 49% basis (i.e., based on its ownership interest in SLC Professionals), notwithstanding the fact that the New Port Richey Facility only ever generated a fraction of the operating losses sustained by the New Port Richey Facility and the Other Facilities.

61.     The improper (and intentional) allocation of operating expenses to the New Port Richey Facility – which occurred at the ultimate direction of Dwyer – was concealed from ANHA and Zuccari New Port Richey and they did not discover that ANHA was being charged operating losses based on its ownership interest in SLC Professionals (as opposed to being based on the actual losses of the New Port Richey Facility only) until recently.

62.     Additionally, although Dwyer has no authority to engage in such action without the consent of Zuccari New Port Richey, he nevertheless has directed that substantially all of the assets of New Port Richey Holdings be disposed of – in such event, New Port Richey Holdings will effectively be dissolved.

63.     Plaintiffs have satisfied any necessary conditions precedent to the filing of this lawsuit, except to the extent such condition(s) has been waived, excused or prevented by Defendants' (or any one of their) conduct.

## COUNT I
### (CLAIM FOR FRAUDULENT CONVEYANCE AGAINST DEFENDANTS DWYER, CAPITAL FUNDING GROUP, CSCV HOLDINGS, CSCV CONSULTING AND MILESTONE)

64.     The allegations previously set forth in this Complaint are incorporated as if fully repeated in this Count.

65.     Pursuant to Title 15, Subtitle 2, Section 15-204 of the Maryland Commercial Law Code, provides that "[e]very conveyance made and every obligation incurred by a person who is or will be rendered insolvent by it is fraudulent as to creditors without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration."

66.     As previously alleged herein, the assets of SLC Professionals and the Management Companies were transferred to Milestone without any consideration.

67.     Dwyer, Capital Funding Group, CSCV Holdings and CSCV Consulting caused SLC Professionals and the Management Companies to transfer all of their assets to Milestone without fair consideration and thereby caused those entities to become insolvent.

68.     Dwyer, Capital Funding Group, CSCV Holdings and CSCV Consulting caused SLC Professionals and the Management Companies to transfer their assets to Milestone knowing that SLC Professionals and the Management Companies had, and would continue to incur, debts beyond their ability to pay those debts as they then existed and as they matured.

69.     The transfer of assets to Milestone by SLC Professionals and the Management Companies was fraudulent as to ANHA as a member and creditor of SLC Professionals and as a creditor of the Management Companies.

WHEREFORE, ANHA requests that this Court enter an Order:

A.     Setting aside all transfers of assets to Milestone by SLC Professionals and the Management Companies and/or establishing a constructive trust over the assets of Milestone to satisfy the claims of ANHA; or

B.     Levying or garnishing all transferred assets or property of any kind; and

C.     Awarding such other relief as may be appropriate under the circumstances, including monetary damages and attorney's fees and expenses.

17

## COUNT II
### (CLAIM FOR FRAUDULENT CONVEYANCE AGAINST DEFENDANTS DWYER, CAPITAL FUNDING GROUP, CSCV HOLDINGS, CSCV CONSULTING AND MILESTONE)

70.     The allegations previously set forth in this Complaint are incorporated as if fully repeated in this Count.

71.     Title 15, Subtitle 2, Section 15-205 of the Maryland Commercial Law Code, provides that "[e]very conveyance made without fair consideration when the person who makes it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and other persons who become creditors during the continuance of the business or transaction without regard to his actual intent."

72.     As previously alleged herein, the assets of SLC Professionals and the Management Companies were transferred to Milestone without any consideration.

73.     Dwyer, Capital Funding Group, CSCV Holdings and CSCV Consulting caused SLC Professionals and the Management Companies to transfer all of their assets to Milestone without fair consideration and thereby caused those entities to become insolvent.

74.     Dwyer, Capital Funding Group, CSCV Holdings and CSCV Consulting caused SLC Professionals and the Management Companies to transfer their assets to Milestone knowing that SLC Professionals and the Management Companies had, and would continue to incur, debts beyond their ability to pay those debts as they then existed and as they matured.

75.     The transfer of assets to Milestone by SLC Professionals and the Management Companies was fraudulent as to ANHA as a member and creditor of SLC Professionals and as a creditor of the Management Companies.

WHEREFORE, ANHA requests that this Court enter an Order:

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030   TEL 703.273.8898   FAX 703.273.8897

A.    Setting aside all transfers of assets to Milestone by SLC Professionals and the Management Companies and/or establishing a constructive trust over the assets of Milestone to satisfy the claims of ANHA; or

B.    Levying or garnishing all transferred assets or property of any kind; and

C.    Awarding such other relief as may be appropriate under the circumstances, including monetary damages in excess of Seventy-Five Thousand Dollars ($75,000), and attorney's fees and expenses.

### COUNT III
### (CLAIM FOR FRAUDULENT CONVEYANCE AGAINST DEFENDANTS DWYER, CAPITAL FUNDING GROUP, CSCV HOLDINGS, CSCV CONSULTING AND MILESTONE)

76.    The allegations previously set forth in this Complaint are incorporated as if fully repeated in this Count.

77.    Title 15, Subtitle 2, Section 15-206 of the Maryland Commercial Law Code, provides that "[e]very conveyance made and every obligation incurred without fair consideration when the person who makes the conveyance or who enters into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors."

78.    As previously alleged herein, the assets of SLC Professionals and the Management Companies were transferred to Milestone without any consideration.

79.    Dwyer, Capital Funding Group, CSCV Holdings and CSCV Consulting caused SLC Professionals and the Management Companies to transfer all of their assets to Milestone without fair consideration and thereby caused those entities to become insolvent.

80.    Dwyer, Capital Funding Group, CSCV Holdings and CSCV Consulting caused SLC Professionals and the Management Companies to transfer their assets to Milestone knowing

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

Cameron McEvoy
PLLC

that SLC Professionals and the Management Companies had, and would continue to incur, debts beyond their ability to pay those debts as they then existed and as they matured.

81.     The transfer of assets to Milestone by SLC Professionals and the Management Companies was fraudulent as to ANHA as a member and creditor of SLC Professionals and as a creditor of the Management Companies.

WHEREFORE, ANHA requests that this Court enter an Order:

A.     Setting aside all transfers of assets to Milestone by SLC Professionals and the Management Companies and/or establishing a constructive trust over the assets of Milestone to satisfy the claims of ANHA and Zuccari; or

B.     Levying or garnishing all transferred assets or property of any kind; and

C.     Awarding such other relief as may be appropriate under the circumstances, including monetary damages in excess of Seventy-Five Thousand Dollars ($75,000), and attorney's fees and expenses.

## COUNT IV
### (CLAIM FOR FRAUDULENT CONVEYANCE AGAINST DEFENDANTS DWYER, CAPITAL FUNDING GROUP, CSCV HOLDINGS, CSCV CONSULTING AND MILESTONE)

82.     The allegations previously set forth in this Complaint are incorporated as if fully repeated in this Count.

83.     Title 15, Subtitle 2, Section 15-207 of the Maryland Commercial Law Code, provides that "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud present or future creditors, is fraudulent as to both present and future creditors."

84.     As previously alleged herein, the assets of SLC Professionals and the Management Companies were transferred to Milestone without any consideration.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

CAMERON | McEvoy
P L L C

85.     Dwyer, Capital Funding Group, CSCV Holdings and CSCV Consulting caused SLC Professionals and the Management Companies to transfer all of their assets to Milestone without fair consideration and thereby caused those entities to become insolvent.

86.     Dwyer, Capital Funding Group, CSCV Holdings and CSCV Consulting caused SLC Professionals and the Management Companies to transfer their assets to Milestone knowing that SLC Professionals and the Management Companies had, and would continue to incur, debts beyond their ability to pay those debts as they then existed and as they matured.

87.     The transfer of assets to Milestone by SLC Professionals and the Management Companies was fraudulent as to ANHA as a member and creditor of SLC Professionals and as a member of the Management Companies.

WHEREFORE, ANHA requests that this Court enter an Order:

A.     Setting aside all transfers of assets to Milestone by SLC Professionals and the Management Companies and/or establishing a constructive trust over the assets of Milestone to satisfy the claims of ANHA; or

B.     Levying or garnishing all transferred assets or property of any kind; and

C.     Awarding such other relief as may be appropriate under the circumstances, including monetary damages in excess of Seventy-Five Thousand Dollars ($75,000), and attorney's fees and expenses.

## COUNT V
### (CLAIM FOR FRAUDULENT CONVEYANCE AGAINST DEFENDANTS DWYER, CAPITAL FUNDING GROUP, CSCV HOLDINGS, CSCV CONSULTING AND MILESTONE)

88.     The allegations previously set forth in this Complaint are incorporated as if fully repeated in this Count.

89.     Title 15, Subtitle 2, Section 15-208 of the Maryland Commercial Law Code, provides that "[e]very conveyance of limited liability company property and every limited liability company obligation incurred when the limited liability company is or will be rendered insolvent by it, is fraudulent as to creditors of the limited liability company, if the conveyance is made or the obligation is incurred to:  (1) A member, whether with or without a promise by him to pay the limited liability company's debts, unless the conveyance or obligation represents fair and reasonable compensation for services provided or to be provided by the member to the limited liability company and the services are provided or will be provided within 120 days before or after the date the conveyance is made or the obligation is incurred; or (2) A person not a member, without fair consideration to the limited liability company as distinguished from the consideration to the individual members."

90.     As previously alleged herein, the assets of SLC Professionals and the Management Companies were transferred to Milestone without any consideration.

91.     Dwyer, Capital Funding Group, CSCV Holdings and CSCV Consulting caused SLC Professionals and the Management Companies to transfer all of their assets to Milestone without fair consideration and thereby caused those entities to become insolvent.

92.     Dwyer, Capital Funding Group, CSCV Holdings and CSCV Consulting caused SLC Professionals and the Management Companies to transfer their assets to Milestone knowing that SLC Professionals and the Management Companies had, and would continue to incur, debts beyond their ability to pay those debts as they then existed and as they matured.

93.     The transfer of assets to Milestone by SLC Professionals and the Management Companies was fraudulent as to ANHA as a member and creditor of SLC Professionals and as a creditor of the Management Companies.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030

TEL 703.273.8898   FAX 703.273.8897

Cameron|McEvoy
PLLC

WHEREFORE, ANHA requests that this Court enter an Order:

A.      Setting aside all transfers of assets to Milestone by SLC Professionals and the Management Companies and/or establishing a constructive trust over the assets of Milestone to satisfy the claims of ANHA; or

B.      Levying or garnishing all transferred assets or property of any kind; and

C.      Awarding such other relief as may be appropriate under the circumstances, including monetary damages in excess of Seventy-Five Thousand Dollars ($75,000), and attorney's fees and expenses.

### COUNT VI
### (BREACH OF FIDUCIARY DUTY AGAINST DEFENDANTS DWYER, CAPITAL FUNDING GROUP, CSCV HOLDINGS AND CSCV CONSULTING)

94.      The allegations previously set forth in this Complaint are incorporated as if fully repeated in this Count.

95.      By virtue of Defendants' Dwyer, Capital Funding Group, CSCV Holdings and CSCV Consulting positions as managers, majority owners and persons in control of making all "Major Decisions" for SLC Professionals, they owed fiduciary duties to ANHA and/or Defendants were in a confidential and trust relationship with ANHA.

96.      By virtue of Defendants' Dwyer, Capital Funding Group, CSCV Holdings and CSCV Consulting control over CSCV Holdings, CSCV Consulting and/or SLC Professionals, they had complete control of all actions and decisions of the Management Companies and owed fiduciary duties to AHNA, and purported to act or advise with AHNA interests in mind, and AHNA relied and depended on the Defendants to so act and advise.

97.      The Defendants named in this Count breached their fiduciary, confidence and trust duties owed to AHNA by, *inter alia*, failing to act in the best interests of AHNA and Zuccari, SLC

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030   TEL 703.273.8898   FAX 703.273.8897

Cameron/McEvoy
PLLC

Professionals and the Management Companies, failing to perform their duties loyally and in good faith, and failing to act with the care that an ordinarily prudent person would use under similar circumstances.

98.     As alleged herein, the Defendants named in this Count engaged in wrongdoing in connection with the Combination, which was undertaken solely for the benefit of Defendants and to the detriment of ANHA, Claimants and Potential Claimants.  Additionally, this wrongdoing took the form of cancelling or failing to renew long-held policies of liability insurance, the purpose of which was to protect against claims asserted by Claimants and Potential Claimants, which action had the effect of reducing and/or eliminating insurance coverage for ANHA and/or Alan Zuccari – as a result of the elimination of insurance coverage for the benefit of Alan Zuccari, ANHA is now responsible for indemnifying Alan Zuccari from the claims of Claimants and Potential Claimants.

99.     These Defendants' breaches of these duties and their constructive fraud have caused, and will continue to cause, ANHA to suffer and incur financial damages.

WHEREFORE, ANHA demands judgment against Defendants Dwyer, Capital Funding Group, CSCV Holdings and CSCV Consulting in an amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory and punitive damages with interest, costs and an award of reasonable legal fees, and for such other and further relief as this Court may deem just and proper.

**COUNT VII**
**(INDEMNIFICATION AGAINST DEFENDANTS DWYER, CAPITAL FUNDING GROUP, CSCV HOLDINGS, CSCV CONSULTING AND MILESTONE)**

100.    The allegations previously set forth in this Complaint are incorporated as if fully repeated in this Count.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

Cameron | McEvoy
PLLC

101.   Under the SLC Professionals' Operating Agreement, entered into between ANHA and CSCV Consulting, SLC Professionals was obligated to indemnify ANHA (and Alan Zuccari), Alan Zuccari being an intended third-party beneficiary of the indemnification clause in the SLC Professionals' Operating Agreement.

102.   Pursuant to the terms of the indemnity provision set forth in the SLC Professionals' Operating Agreement, SLC Professionals is and will continue to be liable to ANHA and Zuccari for all judgment, awards, settlements, attorneys' fees and other costs or expenses incurred in the connection with the defense of any actual or threatened action by Claimants or Potential Claimants. By virtue of Defendants' Dwyer, Capital Funding Group, CSCV Holdings, CSCV Consulting and Milestone acting in concert to make SLC Professionals and the Management Companies insolvent, each is jointly and severely responsible for indemnifying ANHA (and Alan Zuccari).

103.   Milestone is a successor-in-interest to SLC Professionals and the Management Companies and, on this additional basis, is liable to indemnify ANHA (and to Alan Zuccari).

104.   Milestone, however, has failed to indemnify ANHA (and Alan Zuccari), leaving ANHA to incur the expense associated with carrying out these indemnification responsibilities for itself and for Alan Zuccari.

105.   Milestone's conduct, as aforesaid, is without justification.

WHEREFORE, ANHA demands judgment against Defendants Dwyer, Capital Funding Group, CSCV Holdings, CSCV Consulting and Milestone in an amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages with interest, costs and an award of reasonable legal fees, and for such other and further relief as this Court may deem just and proper.

## COUNT VIII
### (CONVERSION AGAINST DEFENDANTS DWYER, CAPITAL FUNDING GROUP, CSCV HOLDINGS, CSCV CONSULTING AND MILESTONE)

106.    The allegations previously set forth in this Complaint are incorporated as if fully repeated in this Count.

107.    Defendants Dwyer, Capital Funding Group, CSCV Holdings, CSCV Consulting and Milestone have wrongfully taken the assets of SLC Professionals and the Management Companies for their own benefit.  Moreover, these Defendants have combined to assess ANHA for losses falsely attributed to New Port Richey and to conceal such conduct from ANHA.

108.    As a result of these Defendants' misappropriation of the assets of SLC Professionals and the Management Companies, ANHA has suffered, will continue to suffer, damages.

WHEREFORE, ANHA demands judgment against Defendants Dwyer, Capital Funding Group, CSCV Holdings, CSCV Consulting and Milestone in an amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory and punitive damages, with costs, interest and an award of reasonable legal fees, and for such other and further relief as this Court may deem just and proper.

## COUNT IX
### (CIVIL CONSPIRANCY AGAINST DEFENDANTS DWYER, CAPITAL FUNDING GROUP, CSCV HOLDINGS, CSCV CONSULTING AND MILESTONE)

109.    The allegations previously set forth in this Complaint are incorporated as if fully repeated in this Count.

110.    Defendants unlawfully conspired together to fraudulently convey and to wrongfully take the assets of SLC Professionals and the Management Companies for their personal benefit.

Moreover, these Defendants have combined to assess ANHA for losses falsely attributed to New Port Richey and to conceal such conduct from ANHA.

WHEREFORE, ANHA demands judgment against Defendants Dwyer, Capital Funding Group, CSCV Holdings, CSCV Consulting and Milestone in an amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory and punitive damages, with costs, interest, and an award of reasonable legal fees, and for such other and further relief as this Court may deem just and proper.

<u>COUNT X</u>
**(ACCOUNTING AGAINST DEFENDANTS DWYER, CAPITAL FUNDING GROUP, CSCV HOLDINGS, CSCV CONSULTING AND MILESTONE)**

111.    The allegations previously set forth in this Complaint are incorporated as if fully repeated in this Count.

112.    By virtue of their positions as managers, majority owners and persons in control of making all "Major Decisions" for SLC Professionals, the Defendants named in this Count owed fiduciary duties to ANHA and/or Defendants were in a confidential and trust relationship with ANHA.

113.    By virtue of these Defendants' control over CSCV Holdings, CSCV Consulting and SLC Professionals, they had complete control of all actions and decisions of the Management Companies.

114.    Dwyer, Capital Funding Group, CSCV Holdings and CSCV Consulting caused SLC Professionals and the Management Companies to transfer all of their assets to Milestone without ANHA's consent and without any proper accounting for the disposition and value of those transferred assets.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

Cameron | McEvoy
PLLC

115.    By virtue of its interest in SLC Professionals, ANHA is entitled to an accounting of the disposition and value of the transferred assets.

116.    Moreover, due to the complex nature of the combined or related corporate accounts involving both Plaintiffs and Defendants, and due to the control over the transferred assets by Dwyer, Capital Funding Group, CSCV Holdings and CSCV Consulting, ANHA is entitled to an accounting of the disposition and value of the transferred assets.

WHEREFORE, ANHA requests that this Court enter an Order:

A.    For the Defendants Dwyer, Capital Funding Group, CSCV Holdings, CSCV Consulting and Milestone to account for the disposition and value of all the assets of Milestone which were disposed of or otherwise transferred by SLC Professionals and the Management Companies; and

B.    Levying or garnishing all transferred assets or property of any kind; and

C.    Awarding such other relief as may be appropriate under the circumstances.

## <u>COUNT XI</u>
## (AIDING AND ABETTING AGAINST MILESTONE)

117.    The allegations previously set forth in this Complaint are incorporated as if fully repeated in this Count.

118.    As detailed hereinabove, Dwyer, Capital Funding Group, CSCV Holdings and CSCV Consulting fraudulently conveyed the assets of SLC Professionals and the Management Companies.

119.    Milestone was well aware of the terms of the Combination, which provided for the assets of SLC Professionals and the Management Companies to be transferred to Milestone without any consideration being paid to SLC Professionals, the Management Companies, Claimants, Potential Claimants and/or ANHA.

120.    By engaging in the Combination, Milestone substantially assisted Dwyer, Capital Funding, CSCV Holdings and CSCV Consulting in committing the fraudulent conveyances described in this Complaint.

121.    The harm that resulted to ANHA as a result of the fraudulent conveyances was foreseeable to Milestone because it was aware that SLC Professionals and the Management Companies had no means to satisfy their matured and unmatured liabilities after they participated in the Combination and SLC Professionals was dissolved.

WHEREFORE, ANHA demands judgment against Defendant Milestone in an amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory and punitive damages, with costs, interest, and an award of reasonable legal fees, and for such other and further relief as this Court may deem just and proper.

## COUNT XII
### (BREACH OF FIDUCIARY DUTY AGAINST DEFENDANTS DWYER, CAPITAL FUNDING GROUP, CSCV REAL ESTATE AND REYNOLDS)

122.    The allegations previously set forth in this Complaint are incorporated as if fully repeated in this Count.

123.    By virtue of Defendants' Dwyer, Capital Funding Group, CSCV Real Estate and Reynolds positions as managers, majority owners and persons in control of CSCV MA LLC, they owed fiduciary duties to AJZ Capital, and/or these Defendants were in a confidential and trust relationship with AJZ Capital.

124.    These Defendants purported to act or advise with AJZ Capital's interests in mind, and AJZ Capital relied and depended on these Defendants to so act.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030

TEL 703.273.8898   FAX 703.273.8897

Cameron | McEvoy
PLLC

125.    These Defendants breached their fiduciary, confidence and trust duties owed to AJZ Capital by not paying to AJZ Capital the distributions due to it from the sale of the Vero Deal facility.

126.    These Defendants further breached their duties by failing to perform loyally and in good faith, and by failing to act with the care that an ordinarily prudent person would use under similar circumstances.

127.    These Defendants engaged in wrongdoing in connection with the distribution of the proceeds from the sale of the Vero Deal facility solely for the benefit of Dwyer, CSCV Real Estate and the unknown person or persons to whom Dwyer caused the distributions due to AJZ Capital to be diverted.

128.    These Defendants' breaches of these duties and their constructive fraud have caused AJZ Capital to suffer financial damages in the amount of One Hundred Eighty Thousand Dollars ($180,000).

WHEREFORE, AJZ Capital demands judgment against Defendants Dwyer, Capital Funding Group, CSCV Real Estate and Reynolds in the amount of One Hundred Eighty Thousand Dollars ($180,000) in compensatory and punitive damages, with costs, interest, and an award of reasonable legal fees, and for such other and further relief as this Court may deem just and proper.

## <u>COUNT XIII</u>
### (CONVERSION AGAINST DEFENDANTS DWYER AND REYNOLDS)

129.    The allegations previously set forth in this Complaint are incorporated as if fully repeated in this Count.

130.    Defendants Dwyer and Reynolds wrongfully caused the distribution due to AJZ Capital to be paid to themselves and/or to an entity(ies) controlled by them whose identity is unknown at this time.  In so doing, Dwyer and Reynolds did, and intended to, exercise dominion

30

and control over these specific funds of AJZ Capital in denial of AJZ Capital's right to the funds and inconsistent with AJZ Capital's rights.

131.    As a result of Dwyer and Reynolds' misappropriation of the distribution due to AJZ Capital, AJZ Capital has suffered damages in the approximate amount of One Hundred Eighty Thousand Dollars ($180,000).

WHEREFORE, AJZ Capital demands judgment against Defendants Dwyer and Reynolds in the amount of approximately One Hundred Eighty Thousand Dollars ($180,000) in compensatory and punitive damages, with costs, interest, and an award of reasonable legal fees, and for such other and further relief as this Court may deem just and proper.

## COUNT XIV
### (CIVIL CONSPIRACY AGAINST DEFENDANTS DWYER, CSCV REAL ESTATE, AND REYNOLDS)

132.    The allegations previously set forth in this Complaint are incorporated as if fully repeated in this Count.

133.    The Defendants named in this Count unlawfully conspired together to convert and wrongfully take the distributions in the amount of approximately One Hundred Eighty Thousand Dollars ($180,000) due to AJZ Capital.

WHEREFORE, AJZ Capital demands judgment against Defendants Dwyer, CSCV Real Estate and Reynolds in the amount of One Hundred Eighty Thousand Dollars ($180,000) in compensatory damages, with costs, interest, and an award of reasonable legal fees, and for such other and further relief as this Court may deem just and proper.

## COUNT XV
### (UNJUST ENRICHMENT AGAINST DEFENDANTS DWYER, CAPITAL FUNDING GROUP, CSCV HOLDINGS, CSCV CONSULTING, REYNOLDS AND MILESTONE)

134.    The allegations previously set forth in this Complaint are incorporated as if fully repeated in this Count.

135.    The Combination described herein conferred a benefit upon the Defendants in the form of the assets of SLC Professionals and the Management Companies.

136.    The Defendants named in this Count were each aware of and had knowledge of the benefits conferred upon them by having the assets of SLC Professionals and the Management Companies transferred to Milestone without any consideration paid to SLC Professionals and/or the Management Companies, and without having Milestone accept responsibility for the liabilities, matured and unmatured, of SLC Professionals and the Management Companies.

137.    These Defendants accepted and retained the benefits conferred by ANHA under circumstances which would make it inequitable for any of the Defendants to retain the benefits of the Combination without payment for the value received through the Combination.

WHEREFORE, ANHA demands judgment against Defendants Dwyer, Capital Funding Group, CSCV Holdings, CSCV Consulting, Reynolds and Milestone in an amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, with costs, interest, and an award of reasonable legal fees, and for such other and further relief as this Court may deem just and proper.

## COUNT XVI
### (AIDING AND ABETTING AGAINST DEFENDANT CSCV REAL ESTATE)

138.    The allegations previously set forth in this Complaint are incorporated as if fully repeated in this Count.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL: 703.273.8898   FAX: 703.273.8897

139.    Defendant CSCV Real Estate aided and abetted Dwyer converting the distributions due to AJZ Capital.

140.    Defendant CSCV Real Estate was well aware of the terms of the CSV MA Operating Agreement, and knew that AJZ Capital was entitled to receive distributions in the amount of approximately One Hundred Eighty Thousand Dollars ($180,000).  Despite being aware that AJZ Capital was entitled to the distributions, this Defendant aided and abetted in the conversion of the assets for other personal purposes.

WHEREFORE, AJZ Capital demands judgment against Defendant CSCV Real Estate in the amount of approximately One Hundred Eighty Thousand Dollars ($180,000) in compensatory damages, plus punitive damages, costs, interest, and an award of reasonable legal fees, and for such other and further relief as this Court may deem just and proper.

**COUNT XVII**
**(IMPUTED LIABILITY – DEFENDANTS CFG BANK**
**AND CAPITAL FUNDING GROUP)**

141.    The allegations previously set forth in this Complaint are incorporated as if fully repeated in this Count.

142.    At all relevant times herein, Capital Funding Group has been organized into several companies, including Capital Funding Bancorp.

143.    In turn, one purported "subsidiary" of Capital Funding Bancorp is CFG Bank.

144.    At all times relevant herein, Dwyer has represented himself to be the "sole owner" of Capital Funding Group.

145.    As previously alleged, Dwyer has operated Capital Funding Group as his alter ego, treating the assets and liabilities of Capital Funding Group as his own personal assets and liabilities, and vice versa.  In furtherance of this lack of any distinction between assets and

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

Cameron|McEvoy

liabilities, funds are comingled between the two on a regular basis and Dwyer regularly uses the assets of Capital Funding Group to satisfy his personal liabilities.

146.    CFG Bank is organized and operates under the Capital Funding Group umbrella.

147.    Moreover, upon information and belief, Dwyer has persistently used CFG Bank to facilitate the misconduct described throughout this Complaint, including assisting Dwyer (and Reynolds) in secreting the proceeds generated by the Vero Deal and ultimately converting the portion of those proceeds which rightfully belonged to AJZ Capital and engaging in similar conduct with respect to New Port Richey.

148.    Capital Funding Group and CFG Bank are jointly and severally liable with Dwyer for the full amount of Dwyer's liability to ANHA and AJZ Capital as sought to be imposed in this Complaint.

WHEREFORE, Plaintiffs ANHA and AJZ Capital demand judgment against Defendants Capital Funding Group and CFG Bank for the full amount of Defendant Dwyer's liability to Plaintiffs for the claims asserted against him in this Complaint, including compensatory damages and punitive damages, plus costs, interest, and an award of reasonable legal fees, and for such other and further relief as this Court may deem just and proper.

Dated:  December 24, 2019                    Respectfully submitted,

/s/
Timothy J. McEvoy (MD Fed. Bar No. 15292)
Edward W. Cameron (to be admitted *pro hac vice*)
CAMERON MCEVOY PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 273-8898
(703) 273-8897 (Facsimile)
tmcevoy@cameonmcevoy.com
ecameron@cameronmcevoy.com

Thomas M. Wood IV (#8005010215)
NEUBERGER, QUINN, GIELEN, RUBIN, &
GIBBER, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202
tmw@nqgrg.com
410-332-8550 (Main)
410-332-8523 (Direct)
410-332-8561 (Facsimile)

*Counsel for Plaintiffs*